1  Kent Khtikian, Esq. (#99843)
   Conor D. Mack, Esq. (#253878)
2  Katzenbach and Khtikian
   1714 Stockton Street, Suite 300
3  San Francisco, California  94133-2930
   Telephone: (415) 834-1778
4  Facsimile: (415) 834-1842

5  Attorneys for Plaintiffs

6

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11  TRUSTEES OF THE BRICKLAYERS LOCAL      ) CASE NO. CV 10-4056 EMC
    NO. 3 PENSION TRUST; TRUSTEES OF THE   )
12  LOCAL NO. 7 PENSION TRUST; TRUSTEES    )
    OF THE BRICKLAYERS LOCAL NO. 3         ) PLAINTIFFS' CASE MANAGEMENT
13  HEALTH AND WELFARE TRUST; TRUSTEES     ) STATEMENT;
    OF THE BRICKLAYERS AND ALLIED          ) [proposed] ORDER RESETTING CASE
14  CRAFTS LOCAL NO. 3 APPRENTICE          ) MANAGEMENT CONFERENCE
    TRAINING TRUST; INTERNATIONAL UNION    )
15  OF BRICKLAYERS AND ALLIED              )
    CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, )
16  on behalf of itself and as agent for its members; )
    TRUSTEES OF THE INTERNATIONAL UNION    )
17  OF BRICKLAYERS AND ALLIED              )
    CRAFTSMEN PENSION FUND,                )
18                                         )
             Plaintiffs,                   )
19                                         )
    vs.                                    )
20                                         )
    TOP GUN ARCHITECTURAL FINISHES         )
21  INCORPORATED, a California corporation; )
    AMERICAN CONTRACTORS INDEMNITY         ) Date:       February 9, 2010
22  COMPANY, a California corporation;     ) Time:       1:30 p.m.
                                           ) Courtroom: C, 15th Floor
23                                         )             (San Francisco)
             Defendants.                   )
24                                         )
    _____ )
25

26

27          Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b), Plaintiffs hereby

    submit this Case Management Statement And Proposed Order.
28
            Plaintiffs respectfully request that the Court continue the Case Management Conference

1  currently scheduled for February 9, 2011for 60 days, until April 13, 2011, for the following

2  reasons.

3        Plaintiffs and Defendants Top Gun Architectural Finishes ("Top Gun") and American

4  Contractors Indemnity Company ("ACIC") are negotiating a settlement with the hopes of

5  entering into a stipulated judgment.  Should the parties fail to enter into a stipulated judgment, a

6  60 day continuance will allow Plaintiffs to sufficient time to request the entry of Defendants'

7  default and properly notice a motion for default judgment.

8  **A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

9        Plaintiff,  INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED

10  CRAFTSMEN AFL-CIO, LOCAL UNION NO. 3 (hereinafter "Bricklayers Local Union No. 3")

11  and Defendant Top Gun were parties to a collective bargaining agreement (the "Agreement") at

12  all times material to this action.  Pursuant to the terms of the Agreement, Top Gun agreed to pay

13  certain wages and fringe benefits for all hours worked in the 45 Northern California counties

14  within the Union's geographic jurisdiction by persons employed by Top Gun as pointers,

15  cleaners, caulkers and waterproofers.

16        Plaintiffs allege that Top Gun has breached the Agreement and violated provisions of the

17  Employee Retirement Income Security Act of 1974 ("ERISA"), by refusing or failing to: (i) to

18  pay fringe benefit contributions for work performed during May and June 2010 totaling at least

19  $10,551.59 and interest thereon; (ii) to pay fringe benefits and wages when due; (iii) to pay

20  liquidated damages in the amount of at least $3,456.67 and interest on late payments of fringe

21  benefits as agreed; and (iv) to submit monthly report forms covering July 1, 2010 to present.

22        Plaintiffs allege that Top Gun obtained a contractor's license bond underwritten by ACIC

23  pursuant to California Business and Professions Code section 7071.6.  This bond indemnifies

24  persons employed by Top Gun for Top Gun's failure to pay full wage and fringe benefit

25  contributions due.

26

27  **B. PRINCIPAL ISSUES**

28        **1. The principal factual issues that the parties dispute are:**

1    As neither Top Gun nor ACIC have answered or otherwise appeared, there are no

2    factual issues in dispute.

3    **2. The principal legal issues that the parties dispute are:**

4    As neither Top Gun nor ACIC have answered or otherwise appeared, there are no

5    legal issues in dispute.

6    **3. The following issues as to service of process, personal jurisdiction, subject matter**

7    **jurisdiction or venue remain unresolved:**

8    None.

9    **4. The following parties have not yet been served:**

10    None.

11    **5. Any additional parties that a party intends to join are listed below:**

12    None at this time.

13  .    **6. Any additional claims that a party intends to add are listed below:**

14    None.

15    **C. ALTERNATIVE DISPUTE RESOLUTION**

16    **The parties make the following additional suggestions concerning settlement:**

17    Plaintiffs request a settlement conference before a United States Magistrate Judge.

18    **The Court hereby orders:**

19

20

21

22    **D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

23    Plaintiffs consent to proceed before a magistrate judge and filed their consent to proceed

24    before a magistrate judge on September 13, 2010 as document 4 herein.

25    **The Court hereby refers this case for the following purposes to a magistrate judge:**

26

27

28

**E. DISCLOSURES**

      **The parties certify that they have made the following disclosures:**

      As neither Top Gun nor ACIC have has not yet answered or otherwise appeared, Plaintiffs have not yet served their initial disclosures.

      **1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

          **a. Disclosed by plaintiffs:**

      None.

          **b. Disclosed by Defendants:**

      None.

      **2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

          **a. Categories of documents disclosed by Plaintiffs:**

      None.

          **b. Categories of documents disclosed by Defendants:**

      None.

      **3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

      On the basis of reports submitted to Plaintiffs by Top Gun Plaintiffs believe that the principal amount owed to Plaintiffs is at least $17,015.76, calculated as follows:

| | |
|---|---:|
| Principal Owed: | $10,551.59 |
| Liquidated Damages | 3,456.67 |
| Attorney's Fees  (to 1/3/11) | 3,007.50+ |
| **TOTAL** | **$17,015.76** |

      This calculation excludes principal owed from July 1, 2010 through the present and liquidated damages thereon, accruing interest, additional attorney's fees and all costs, all of which Plaintiffs will seek as additional damages.

      **4.  All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

      None disclosed.

**5. The parties will disclose the following additional information by the date listed:**

Plaintiffs will serve their initial disclosures after Defendants answer or otherwise appear.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

Every 30 days commencing June 1, 2011 if supplemental information is discovered.

**F. EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

Should a stipulated judgment not be entered into within 30 days, Plaintiffs will request that the Clerk enter Defendants' default and then file a motion for default judgment.

**G. DISCOVERY**

**1. The parties have conducted or have underway the following discovery:**

None.

**2. The parties propose the following discovery plan:**

The deadline for completion of all discovery, expert and non-expert be August 19, 2011 and that the dates for filing of dispositive motions will be October 14, 2011 and trial be 90 days thereafter.

The parties are to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than June 17, 2011.

**3. Limitations on discovery tools.**

**a. depositions (excluding experts) by:**

**plaintiffs:** no limit   **defendant:** no limit

1      **b. interrogatories served by:**

2        **plaintiffs:** 25

3        **defendants:** 25

4      **c. document production requests served by:**

5        **plaintiffs:** no limit  **defendants:** no limit

6      **d. requests for admission served by:**

7        **plaintiffs:** no limit  **defendants:** no limit

8     **4.  The parties propose the following limitations on the subject matter of discovery:**

9      All matters relevant to or calculated to lead to the discovery of evidence relevant

10   to the issues raised by the complaint and defendants' answers to the complaint.

11     **5. Discovery from experts.**

12      None planned at this time.

13     **6. The Court orders the following additional limitations on the subject matter of**

14   **discovery:**

15

16

17     **7. Deadlines for disclosure of witnesses and completion of discovery:**

18      See paragraph G(2) above.

19   **H. PRETRIAL AND TRIAL SCHEDULE**

20     **1. Trial date:** None set.

21     **2. Anticipated length of trial (number of days):** 1 to 2 days.

22     **3. Type of trial:** Court.

23

24     **4. Final pretrial conference date:**

25

26     **5. Date required for filing the joint pretrial conference statement and proposed**

27   **pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-**

28   **10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

1   **6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or**

2   **testimony):**

3

4   **7. Deadline to hear motions directed to the merits of all or part of the case:** See

5   paragraph G2 above.

6   **NOTE: Lead trial counsel who will try this case shall meet and confer at least 30**

7   **days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes**

8   **preparation of that joint pretrial conference statement and all other materials required by**

9   **§ H.5 above.  Lead trial counsel shall also be present at the pretrial conference.  (See**

10  **FRCivP 16(d).)**

11

12  **I. Date of next case management conference:**

13

14  **J. OTHER MATTERS**

15

16

17  **K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

18   /s/ Kent Khtikian
     Kent Khtikian, Esq.
19   Katzenbach and Khtikian
     1714 Stockton Street, Suite 300
20   San Francisco, California  94133-2930
     (415) 834-1778; FAX (415) 834-1842
21   Attorneys for Plaintiffs

22

23

24

25

26

27

28

1

**[proposed] ORDER**

2      Good cause appearing, the Court hereby orders that the Case Management Conference

3  scheduled for February 9, 2011 is rescheduled for April 13, 2011 at 1:30 p.m.  A joint case

4  management conference statement shall be filed no later than April 6, 2011.

5      IT IS SO ORDERED

6

7

8

9
Dated:_____      _____
10                            Hon. Edward
                           United States
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL

I am a resident of the County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is Katzenbach and Khtikian, 1714 Stockton Street, Suite 300, San Francisco, California 94133.  I served the within:

1. PLAINTIFFS' CASE MANAGEMENT STATEMENT; [proposed] ORDER RESETTING CASE MANAGEMENT CONFERENCE

on the parties remaining in the action herein, by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid in the United States Mail at San Francisco, California, on February 2, 2011 addressed as follows:

Gregory D. McDonald, Esq.
Old Bank of America Building
12 S. First St., Ste. 417
San Jose, CA 95113

Attorney for Defendants:
American Contractors Indemnity Company and Top Gun Architectural Finishes Incorporated

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 2, 2011.

   /s/ Cheri Yau
        Cheri Yau